Brian D. Sheern, #21479
Assistant Kansas Attorney General
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Phone: 785-296-2215
Fax:    785-296-6296

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN GRAY and
MARSHA GRAY
  Plaintiffs,
 v.             Cases No.  00-3133-GTV
                     00-3148-GTV
L.E. BRUCE, *et al.*,
  Defendants.

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Comes now the Defendants, by and through Brian D. Sheern, Assistant Attorney General, and hereby provide the court with a memorandum in support of their motion for summary judgment filed herewith:

### NATURE OF THE CASE

These are interrelated 42 U.S.C. §1983 actions by an inmate and his non-inmate spouse, centering around visitation of the husband by his wife. Per the Court's Order of December 9, 2004 (Doc. 52), two claims of the wife, and one of the inmate husband remain, i.e. each Plaintiff claims that their right under the Equal Protection Clause of the Fourteenth Amendment was violated because the prison's decision to suspend the wife's visiting privilege for one year was racially motivated. Additionally, Plaintiff Marsha Gray claims that her Fourth Amendment right to be free from unreasonable searches was violated because the method used at the prison to test for drugs was

inherently unreliable.

## ISSUES PRESENTED

I.  WHETHER MRS. GRAY'S FOURTH AMENDMENT RIGHTS WERE VIOLATED WHERE ANY SEARCH OF HER WAS VOLUNTARY AND WHERE SHE WAS ATTEMPTING TO ENTER THE SECURED AREA OF A PRISON TO VISIT HER POST-CONVICTION HUSBAND?

II. WHETHER THE DEFENDANTS VIOLATED THE FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION BY SUSPENDING PLAINTIFF MARSHA GRAY'S PRIVILEGE OF VISITATION AND KEVIN GRAY'S PRIVILEGE TO RECEIVE VISITATION FOR ONE YEAR?

## FACTS

Defendants incorporate by reference the Uncontroverted Statement of Facts set forth on pages three through sixteen of the *Martinez v. Aaron* Report, as if fully set forth herein.

In summary, Plaintiff Marsha Gray, a white female, went to visit her husband Plaintiff Kevin Gray, a black male, at Hutchinson Correctional Facility in November, 1999. The prison requires visitors to submit to an Ion Track test to assist the prison in interdiction of drugs being brought into the prison. As noted in the *Martinez* Report:

> "The Ion Track machine is not a device which establishes the guilt or innocence of someone in regard to their contact with the substances for which detection is being sought, but is instead one of many tools available to focus or relieve suspicion. The fact that someone alerts for a given substance does not mean they presently or recently possessed a controlled substance. It does mean that the machine has detected ions of the specified substance on the hand of the person and that further investigation is appropriate before permitting the visitor to enter the secured area of the correctional facility."

(*Martinez* Report, p. 5.)

Mrs Gray submitted to the Ion Track, and the test indicated heroin ions. Mrs. Gray was

---

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

**2**

advised that the machine alerted for drugs, but that she was not accused of drug use or possession. When she asked what was the drug upon which the machine alerted, she was advised that it was heroin. She advised that she was leaving, and left the prison. Her decision to leave triggered a request to the Warden to by Lt. Mary Nelson of the facility to have Mrs. Gray's visitation privileges suspended for one year, pursuant to KAR 44-7-104(a)(8), Hutchinson Correctional Facility General Orders 9-107 and 16-101 and Internal Management Policy and Procedures 10-113 and 12-115. (*Martinez* Report, p. 5-6). It is also important to note that Mr. Gray, whom Mrs. Gray was going to visit, was in the facility *post conviction*. (*Martinez* Report, p. 3).

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1996). An issue is deemed to be genuine if there is sufficient evidence on each side that would permit "a rational trier of fact" to "resolve the issue either way," and a material fact is one that under the substantive law is "essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment, the factual dispute must be material. *Renfro v. City of Emporia*, 948 F.2d 1529, 1533 (10th Cir. 1991).

The moving party has the burden of showing the absence of a genuine issue of material fact. This burden can be met simply by "showing the district court that there is an absence of evidence

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

**3**

to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party need not disprove the Plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987). *See Celotex*, 477 U.S. at 323. The movant can satisfy its obligation by simply pointing out the absence of evidence on an essential element of the non-movant's claim. *Adler*, 144 F.3d at 671 (citing *Celotex*, 477 U.S. at 325).

If the Defendants have met this burden, Plaintiffs may not rely upon mere allegations or denials contained in their pleadings or briefs. Rather, Plaintiffs must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation(s). *Anderson*, 477 U.S. at 248. Once Defendants have carried their burden under Rule 56(c), Plaintiffs must do more than simply showing metaphysical doubts as to the material facts. *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1987). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)).

The Court should construe Plaintiffs' complaint liberally, *See Haines v. Kerner*, 404 U.S. 519, 520 (1972), and construe the allegations therein in a light most favorable to the Plaintiffs. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). However, Plaintiffs cannot rely upon conclusory allegations with no factual support in maintaining a viable civil rights action after they have failed to demonstrate that there is any genuine issue of material fact. A nonmoving party "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not

---

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

**4**

escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988), *aff'd*, 939 F.2d 910 (10th Cir. 1991). *See White v. York Int' l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995) (conclusory allegations will not defeat properly supported motion for summary judgment). "Conclusory allegations do not establish an issue of fact under Rule 56." *Bruce v. Martin-Marietta Corp.*, 544 F.2d 442, 445 (10th Cir. 1976).

Additionally, Plaintiffs' claims are factually unsupported and are merely conclusory allegations. Such conclusory allegations are not sufficient to establish *any* of the violations they have stated. . Therefore, the Defendants are entitled to summary judgment as a matter of law.

## ARGUMENTS AND AUTHORITIES

I.  ANY CONSTITUTIONAL RIGHT TO VISITATION IS SUPERCEDED BY THE PRISON'S RIGHT TO PROTECT ITS INTERNAL SECURITY, AND THEREFORE THE FOURTH AMENDMENT IS NOT VIOLATED WHERE A PRISON REQUIRES A RATIONALLY RELATED *CONSENSUAL* SEARCH PRIOR TO ALLOWING VISITATION.

Mrs. Gray alone argues that her Fourth Amendment right to be free from unreasonable searches was violated by the use of the Ion Track machine. The initial problem with her argument is that she did not complain prior to its use. Rather, only after she had an adverse reading on the machine was any complaint made.

There is no Constitutional right to a *contact* visit, even for pre-trial detainees, let alone, as here, a post-trial convict. *Block v. Rutherford*, 468 U.S. 576, 589 (1983) ("The constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"). As to a post-conviction *non-contact* visit, the Supreme Court in *Overton et.al v. Baretta, et al.*, 539

---

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

5

U.S. 126 (2003) has made ts clear that *if* (and the Court never says there is such a right) a right of association does survive incarceration, regulations which bear a rational relation to legitimate penological interest will withstand a constitutional challenge. In *Overton*, the Supreme Court held that the Michigan Department of Corrections' restrictions on visitation did not violate the plaintiff prisoner's rights. 539 U.S. at 132-136. The Court held,

> "[T]he restriction on visitation for inmates with two substance-abuse violations, a bar which may be removed after two-years, serves the legitimate goal of deterring the use of drugs and alcohol within the prisons. Drug smuggling and drug use in prison are intractable problems. *Citations omitted.* Withdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose."

*Overton*, 539 U.S. at 134.

Keeping drugs out of prisons is clearly a rational interest. Requiring a visitor to take a "pre-probable cause" screening in order to visit, as was done here, likewise is rational. *See*, *Turner v. Safley,* 482 U.S. 78 (1987).

The Fourth Amendment warrant requirement does not apply to consensual searches. *U.S. v. Jackson*, 381 F. 3d 984 (10th Cir. 2004). Mrs. Gray was not searched beyond any search she permitted. Had the prison, after the alert by the Ion Track, held her for search against her will, a different matter would be presented. But that is not the case here. No Fourth Amendment rights of Mrs. Gray were violated here. Ms. Gray was told that if she wished to visit, she would have to submit to a more extensive search because of the ion alert. She said she was leaving and was permitted to do so.

---

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

**6**

II.   UNDER THE FACTS HERE, NO FOURTEENTH AMENDMENT RIGHTS OF THE PLAINTIFFS TO EQUAL PROTECTION WERE VIOLATED.

Plaintiffs do not attack the legitimacy of the length of a one year suspension rule, nor the right of the prison to suspend visitation. Indeed, the Supreme Court approved the right to suspend visitation and a suspension length of *two* years in *Overton*. 539 U.S. at 134. Rather, Plaintiffs contend the reason that visitation here was suspended for one year and not less was racially motivated in violation of the Fourteenth Amendment Equal protection Clause. Specifically, because the couple is interracial.

To properly plead this claim, Plaintiffs must show that they are members of a protected class and were subjected to treatment different from those similarly situated. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533, (10th Cir. 1998). However, provided that a regulation is rationally based, the failure to enforce it "with complete equality does not of itself infringe the constitutional principle of equal protection." *D'Acquisto v. Washington*, 640 F.Supp. 594, 625 (N.D. Ill. 1986).

The Plaintiffs attempt to bolster this claim with examples of persons who were not given the same length of suspension, without providing any racial information on these persons. A review of Uncontroverted Facts 16(A-J), on pages 15-16 of the *Martinez* Report, demonstrates the unique facts of each set of people named in the Complaint as receiving preferential treatment. Plaintiffs complain about disparate treatment based on race compared to some of those listed, but the true facts show either the Grays are incorrect on the facts, or the facts adequately explain the punishments without regard to race.

The Plaintiffs do not mention the incidents regarding their situation which occurred at the

---

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

**7**

prison in the past and which are noted in the *Martinez* report on pages 12-13. These past offenses, coupled with the refusal at issue, could have given the Warden reason to issue a one year suspension to Mrs. Gray and have nothing to do with race, *to wit*:

1. Inmate Mr. Gray pled guilty to using drugs previously while in prison in 1993.

2. On October 7, 1995, Plaintiff Mrs. Gray was stopped at the control center due. to intelligence received by investigators. She admitted that she was, at her husband's request, attempting to introduce drugs into the facility. Her visitor's privileges were suspended for a year at that time.

3. On September 11, 1997, Plaintiff Kevin Gray was convicted for use of drugs in prison. His visitation privileges were suspended for 90 days.

4. On April 17, 1999, Mr. Gray was placed on non-contact visits only with Mrs. Gray for 90 days because of lewd acts between them at visitation, while in the proximity of other visitors and Mrs. Gray's two year old granddaughter.

It is clear, not only that the Warden had reason by November, 1999 to impose a one-year suspension, but also that he had used lesser penalties in the past with the Grays. He had previously given a year suspension but this was when Mrs. Gray tried to bring her husband drugs.

In effect, the Grays' allegation that the reason the warden gave a one-year suspension is due to race is a bald allegation. Nothing in the record suggests anything of the kind. If any pattern can be determined from the record provided, it is that the Warden is harsh on people shown to bring drugs into prisons and who refuse searches, and is less harsh with the same persons when other lesser

---

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

**8**

offenses occur.

## CONCLUSION

For the above stated reasons, the court should grant summary judgment to the Defendants and dismiss this case.

Respectfully Submitted,

OFFICE OF THE ATTORNEY GENERAL
PHILL KLINE

By: <u>s/ Brian D. Sheern</u>
    Brian D. Sheern, No. 21479
    Assistant Attorney General
    Office of the Attorney General
    120 S.W. 10th Avenue
    Topeka, Kansas 66612-1597
    Tel: (785) 296-2215
    Fax:(785) 296-6296
    Sheernb@ksag.org

**Memorandum in Support of Defendants' Motion for Summary Judgment**
*(Kevin and Marsha Gray v. L.E. Bruce, et al., Cases No. 00-3133-GTV and 00-3148-GTV)*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2005, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT with the clerk of the court by using the CM/ECF system and that I further on this same date, mailed via first class U.S. Mail, postage pre-paid, a true and correct copy of the foregoing to:

Kevin Gray
Inmate # 43848
El Dorado Corrections Facility
P.O. Box 311
El Dorado, Kansas 67042
*Plaintiff Pro Se*


Marsha Gray
210 S. Washington Avenue
P.O. Box 31
Burns, Kansas 66840
*Plaintiff Pro Se*


          s/ Brian D. Sheern
          Brian D. Sheern